BOLIN, Judge.
In 1958 plaintiff purchased approximately two acres of land located just beyond the city limits of West Monroe, Louisiana, and shortly thereafter built a residence thereon and used the remainder of the property for the operation of a nursery. At the time plaintiff acquired his property, defendants owned approximately thirty acres of land across the road upon which they operated a sawmill. In March 1960, defendants moved a portion of the mill to another location on their property directly in front of plaintiff’s nursery and residence. Soon thereafter, plaintiff brought this action alleging defendants’ operation of the sawmill constituted a private nuisance and sought to have said nuisance abated by injunctive relief. From judgment rejecting plaintiff’s demand, he has appealed.
The acts complained of as constituting a nuisance are set forth in the petition as follows:
“(1) That fine wood particles drift from defendants’ Sawmill into petitioner’s nursery and settle on his plants, creating an unsightly appearance, hampering the growing process of said plants, polluting the air, and causing discomfort to petitioner, his employees and customers.
“(2) That the noise from the operation of the motors, carriage and saws, by the defendant in said mill is so loud, penetrating and shrill that it is impossible, while said noise is in progress, for petitioner to communicate with his employees or customers, except in a loud voice.
“(3) That exhaust fumes from the motors drift into petitioner’s nursery and home.
*555 “(4) That ashes, cinders, sparks, smoke, wood particles and odors drift into petitioner’s nursery and home jeopardizing the health, welfare and happiness of his family and subjects his property to an undue fire hazard.”
Defendants’ answer denied that the operation of the sawmill constituted a nuisance and additionally alleged they had done everything reasonable and possible in order to satisfy plaintiff’s complaints.
While most of the testimony is in hopeless conflict, we find the basic facts as follows: Defendants’ plant is a small, standard sawmill and planer mill. The shavings and sawdust from the planer mill are blown under pressure from the plant to a nearby building which is completely enclosed except for a four foot opening from the top of the wall to the roof line. This building is more than 300 feet from the nearest structure on plaintiff’s property. Waste slabs are removed from the sawmill proper by means of a conveyor belt to a nearby metal incinerator, built in accordance with1 the state fire marshal’s recommendations. Essentially it is a large circular burner with a cone-shaped top, covered with a double screen “spark ar-rester”. In order to aid in the burning and combustion of the green slabs, a blower is utilized for feeding fresh air under pressure beneath the slabs. The incinerator is the part of the mill nearest plaintiff’s property, being directly across the road therefrom, and approximately 252 feet from his residence.
During the trial, plaintiff offered the testimony of numerous witnesses including two experts and several residents living in the vicinity of the nursery and sawmill. Defendants likewise had many witnesses who testified favorably to their contention that the operation of the mill did not constitute a nuisance. After hearing all the testimony, the district judge took the case under advisement and ordered counsel to submit briefs. After consideration of the briefs and further study of the transcript of evidence, he rendered an excellent opinion wherein he concluded plaintiff had not established that defendant’s operation of the sawmill constituted a private nuisance. In his opinion, the trial judge outlined and commented upon the testimony of practically every witness; he also correctly set forth the general law of nuisance in Louisiana and analyzed most of the cases cited by counsel in their briefs. As we can find no error in either the law or the facts of the judgment appealed from, it follows that same should be affirmed.
It was conceded there were no local ordinances nor zoning regulations affecting the use of the property in question. Under such circumstances, the following articles of the LSA-Civil Code form the statutory basis for our decision:
Article 666:
“The law imposes upon the proprietors various obligations towards one another, independent of all agreements; and those are the obligations which are prescribed in the following articles.”
Article 667:
“Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.”
Article 668:
“Although one be not at liberty to make any work by which his neighbor’s buildings may be damaged, yet every one has the liberty of doing on his own ground whatsoever he pleases, although it should occasion some inconvenience to his neighbor.
“Thus he who is not subject to any servitude originating - from a particular agreement in that respect, may raise his house as high as he pleases, al-
*556 though by such elevation he should darken the lights of his neighbors’s [neighbor’s] house, because this act occasions only an inconvenience, but not a real damage.”
Article 669:
“If the works or materials for any manufactory or other operation, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude established by which they are regulated, their sufferance must be determined by the rules of the police, or the customs of the place.”
The law of nuisance in Louisiana is based on common sense and reason. A person has a right to use his property in any way he sees fit so long as he does not violate any positive law, but he can not abuse this privilege by unduly interfering with the rights of his neighbor. This practical rule has been stated and re-stated in numerous cases decided by the appellate courts of Louisiana. Basically, all such definitions are the same but vary only in their phraseology. A good general statement of the law is:
“ * * * a lawful business cannot be abated as a nuisance unless the business is operated in such a way as to give rise to serious and material discomfort and inconvenience to those living in close proximity thereto.” Galouye v. A. R. Blossman, Inc., (La. App. 1 Cir., 1947), 32 So.2d 90.
In Meyer v. Kemper Ice Co., Inc., 180 La. 1037, 158 So. 378 (1934) the Court in commenting on the question of whether noise and vibration from an ice plant constituted a nuisance said:
« * * * But, to have this effect, the noise must be excessive, unreasonable in degree, and of such character as to produce actual, physical discomfort and annoyance to a person of ordinary sensibilities. * * * ”
We think the following language from Hobson et ux. v. Walker (La.App. 2 Cir., 1949), 41 So.2d 789 is also appropriate:
“The use of injunctive process which interferes with', restricts or restrains the exercise of the rights of those engaged in trade, business or commerce is one which has been carefully safeguarded and one which is not used except in those cases where the established facts are clear and convincing.
* * * t- * *
“The general principles which have been enunciated by our courts, with reference to the abatement of a nuisance, take into consideration the locality, the reasonableness vel non of the business, the question of a serious and material discomfort to persons of ordinary sensibilities and in a normal state of health.”
In the final analysis, this case presents purely a factual matter in that counsel for both parties have cited the same cases and recognize the law to be as stated by the trial judge in his written opinion and as outlined by us herein. Passing upon the facts as related to plaintiff’s allegations, the district judge concluded defendants’ operation of the sawmill had not unduly affected either the growth or appearance of th'e plants in the nursery and had caused no actual damage or financial loss. The court further concluded the amount of cinders emitted from defendants’ incinerator caused only slight discomfort and inconvenience to plaintiff rather than serious or physical discomfort. Commenting upon the evidence relating to smoke being carried from defendants’ property onto plaintiff’s, the court concluded such was only an occasional thing and then did not cause actual physical discomfort sufficient to constitute a nuisance. We think the evidence likewise fails to substantiate the charges relating to noises and odors, and *557 that the district court aptly and correctly summarized the evidence as follows:
“Considering the evidence, the Court is of the opinion that the plaintiff has not carried the burden of proving that he or his property is subjected to a nuisance as defined by law and jurisprudence and that he is not entitled to the abatement of the activities complained of in his petition.”
For the reasons stated, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.